De Hart v. Atlantic City.          *62 N. J. L.*

---

### CHARLES U. DE HART v. ATLANTIC CITY.

Argued June 8, 1898—Decided November 7, 1898.

1. A law granting municipal powers may be enacted to take effect only upon its adoption by the popular representative body of each locality to be affected.

2. An act capable of general adoption at the time of its enactment is not rendered special or local by reason of its limiting the time within which it may be adopted.

On *certiorari.*

Before Justices DEPUE, VAN SYCKEL and GARRISON.

For the prosecutor, *Thompson & Cole.*

For the defendant, *Allen B. Endicott.*

The opinion of the court was delivered by

GARRISON, J.   This litigation takes its rise from a supplement to the District Court act approved February 17th, 1898, which is in these words: "That one District Court shall be established in every city of this state having twenty thousand inhabitants or less which shall by resolution of city council adopt this act within three months from the date of the passage thereof."

The city council of Atlantic City having within three months adopted this act, the question that is brought here is whether the supplement itself is a constitutional enactment.

The broad charge that it is an unlawful delegation of legislative power because its operative force depends upon its

adoption in the locality to be affected by it, cannot be considered in this court. In the case of *In re Cleveland*, 23 *Vroom* 188, Mr. Justice Van Syckel, speaking for the Court of Errors and Appeals, said "that a law granting municipal powers may be enacted to take effect only on acceptance thereof by the people of the municipality has been too firmly established in this state to be a debatable question." *City of Paterson* v. *Society*, 4 *Zab.* 385; *State* v. *Morris Pleas*, 7 *Vroom* 72; *Warner* v. *Hoagland*, 22 *Id.* 62; *Paul* v. *Gloucester County*, 21 *Id.* 585.

- Whether such acceptance be by a popular election or by the popular elective branch of the municipal government is, under these cases, a matter of form within the legislative discretion.

It is further urged against this supplement that it is a local and special law regulating the internal affairs of cities. Inasmuch as the object of the law is to erect inferior courts open to all the citizens of the state alike, something might be said in favor of the proposition that the creation of the inferior courts contemplated by the constitution and reposed in the legislature, was not an internal affair of any municipality.

This question also is laid at rest by the Court of Errors in *Freeholders of Passaic* v. *Stevenson*, 17 *Vroom* 173, where the majority of the court hold to the view that "laws increasing or decreasing the annual expenses of a county are to be regarded as laws regulating its internal affairs." Hence, must be general laws.

The only question undisposed of is, whether the limitation of time for the adoption of the provisions of the supplement invalidates the statute as a general law. Here again the doctrine of *stare decisis* applies. In the case of *In re Cleveland*, 22 *Vroom* 319, in this court, the question is considered at length by Chief Justice Beasley, and with express reference to a limitation, that on principle cannot be distinguished from that now before us. In that case it was held that the effect that may result from a statute is not a test of its constitutionality, if at the time of its enactment it is capable of general application, "and," to quote a paragraph, "from this prin-

ciple it follows, as an unavoidable corollary, that the limita-
tion in point of time for the adoption of the privileges of
this law cannot be regarded as an invalidating circumstance.
It is true that this provision may eventuate in the produc-
tion of different local results, but such is not the necessary
effect of the law,  *   *   *  which is capable of coming
into operation within the time prescribed in every city in this
state.    It is therefore, within the meaning of the constitution,
a general and not a local act, for, as has been just said, it
must be regarded either as general or special at the time of
its enactment, and is not to be ranked in the former class by
reason of the fact of its subsequent general adoption nor in
the latter class because of its partial rejection."

The same rule was enunciated in the case in the Court of
Errors, although that court did not deem that the question
of the limitation of time was really involved in the decision,
the principle laid down in these opinions leaving nothing
open but their application, and about that in the present case
there is no room for debate.

The result is that the attack upon the supplement is not
sustained, and the writ of *certiorari*, consequently, is dis-
missed, with costs.